# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**271**

**CAF 10-02227**

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

IN THE MATTER OF MARGARET HARVEY,
PETITIONER-RESPONDENT,

                        V                          MEMORANDUM AND ORDER

THOMAS BENEDICT, RESPONDENT-APPELLANT.

---

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (ELIZABETH deV. MOELLER OF
COUNSEL), FOR RESPONDENT-APPELLANT.

--------------------------------------------------------------------------------

Appeal from an order of the Family Court, Cayuga County (Thomas
G. Leone, J.), entered February 2, 2010 in a proceeding pursuant to
Family Court Act article 4.  The order confirmed the decision and
order of the Support Magistrate granting in part the petition seeking
a modification of respondent's child support obligation.

It is hereby ORDERED that the order so appealed from is
unanimously reversed on the law without costs and the matter is
remitted to Family Court, Cayuga County, for further proceedings in
accordance with the following Memorandum:  Petitioner mother commenced
this proceeding seeking an order modifying the child support
obligation of respondent father and directing him to contribute toward
the payment of college expenses for the parties' daughter.  Following
a hearing, Family Court granted in part the petition, and the father
appealed.  Family Court Act § 424-a (a) provides that, "in all child
support proceedings . . ., there shall be compulsory financial
disclosure by both parties of their respective financial states . . .
."  Pursuant to that statute, each party must submit a sworn statement
of net worth, as well as a recent pay stub, the most recent state and
federal tax returns and a copy of his or her W-2 statement.  The
statute further provides that "[n]o showing of special circumstances
shall be required before such disclosure is ordered and such
disclosure may not be waived by either party or by the court" (*id.*).
Here, neither party submitted a sworn statement of net worth, and the
mother failed to submit a recent pay stub or her tax returns.  We
therefore reverse the order and remit the matter to Family Court for a
new hearing on the petition following the parties' compliance with the
financial disclosure requirements of section 424-a (a).

Entered:  April 1, 2011                          Patricia L. Morgan
                                                 Clerk of the Court